IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**WILLIE R. TRAVIS,**           :
                                :
    **Petitioner**           :       CIVIL NO. 1:14-CV-00229
                                :
  **vs.**                     :
                                :
**NANCY GI'ROUX,**              :       (Judge Rambo)
**et al.,**                     :
                                :
    **Respondents**          :

                           <u>**MEMORANDUM**</u>

<u>**Background**</u>

      On February 11, 2014, Petitioner, Willie R. Travis, an inmate at the State Correctional Institution at Camp Hill, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a so-called "Motion for Stay in Abeyance." (Doc. 1, 2.) In the petition Travis alleges that he was sentenced by the Court of Common Pleas of Dauphin County, Pennsylvania, for recklessly endangering another person, carrying a firearm without a license, and being a person not authorized to possess firearms, and received an aggregate sentence of imprisonment 3 to 8 years. (Doc. 1, at 1-2.) The petition raises issues that were available at the time Travis was sentence in 2006. (<u>Id.</u>

at 6-9.) Travis admits that he did not file a direct appeal to the Superior Court of Pennsylvania. (Id. at 2-3.) According to the petition, Travis did not take any further action in state court until 2013. (Id. at 3.) However, a review of the docket of the Court of Common Pleas of Dauphin County utilizing Pennsylvania's Unified Judicial System Web Portal reveals that Travis filed several miscellaneous documents in the Court of Common Pleas of Dauphin County in February, March and July, 2009.  Commonwealth of Pennsylvania v. Willie R. Travis, CP-22-CR-0002610-2006.

By Order dated February 19, 2014, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Travis was advised that he could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").

(Doc. 5).  On February 28, 2014, Travis filed a notice of election form indicating that he wanted to proceed on the petition as filed. (Doc. 6).  By Order dated March 3, 2014, the Court directed respondents to file an answer to Travis's petition and a brief in support of their answer. (Doc. 7.)  An answer, brief and an exhibit were filed by the Dauphin County District Attorney on April 30, 2014. (Doc. 17, 19.)  The matter became ripe for disposition on May 12, 2014, when Travis filed a traverse. (Doc. 21.) The District Attorney of Dauphin County argues that Travis's petition is barred by the 1-year statute of limitations.

    For the reasons set forth below Travis's petition will be dismissed as untimely filed.

**Discussion**

    There is a one-year statute of limitations for filing a 2254 federal petition for writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1).  For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review."  However, 28 U.S.C. § 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]"  We will first address the question of when Travis's conviction became final for purposes of the commencement of the 1-year statute of limitations and then address whether there is any other time excluded under §2244(d)(2).

As stated above, Travis was sentence on December 5, 2006.  Travis did not take a direct appeal and the time for seeking such review expired on January 4, 2007. Also, as stated above Travis filed no further documents in state court until February, 2009, and he did not file the present petition with this court until February 11, 2014, more than 7 years after his conviction in state court became final.  The one year period only tolls when there is properly filed post-conviction proceeding pending in state court.  The limitation period for

filing a federal petition for writ of habeas corpus commenced running on January 5, 2007.  No proceedings were filed in state court which tolled the running of that limitation period and, consequently, the limitation period expired no later than January 6, 2008. Travis's pending petition is clearly barred by the 1-year statute of limitation and will, therefore, be dismissed.

An appropriate order will be entered.

       <u>s/Sylvia H. Rambo</u>
       SYLVIA H. RAMBO
       United States District Judge

Dated: August 24, 2016